RICHARD S. PEALE

v.

HENRY H. HILL.

*Master and Servant—Book Agent—Sales upon Commission—Evidence.*

In an action to recover a balance claimed to be due under a contract to canvass a given county for the sale of a subscription book, this court declines, in view of the evidence, to interfere with the judgment in behalf of the plaintiff.

[Opinion filed September 11, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. N. A. PARTRIDGE, for appellant.

Mr. L. S. HODGES, for appellee.

GARNETT, P. J. Hill made a contract in writing with Peale, dated January 23, 1886, agreeing to go to La Salle County, Ill., complete the canvass of that county for "Grant's Memoirs," and to order 850 sets of the work for the county on or before April 1, 1886, the copies of the first volume which were already delivered in the county to be counted in making up the 850 copies. For his services Hill was to receive forty per cent, but if he failed to order 850 copies, he was only to have thirty-three and one-third per cent. Peale paid to Hill the thirty-three and one-third per cent but refused to pay any more, and this suit was brought by Hill to recover an amount equal to the six and two-thirds per cent.

Olds v. Open Board of Trade.

The case was tried before the court without a jury; there was a finding and judgment for plaintiff, and defendant appeals. On the trial, evidence was given tending to prove performance of the contract by Hill, and there was no contradiction of the statement that he ordered and placed over 900 sets of the work in La Salle county. As a defense Peale offered in evidence another contract in writing, dated June 22, 1885, executed by R. S. Peale & Co., and Peale testified that the duplicate thereof, signed by Hill, was accidently destroyed by fire. The contract offered by Peale required Hill to canvass the county in a particular manner, to make weekly written reports and to do many other things which were not required by the contract sued on. Peale also offered to prove that the contract of June 22, 1885, had not been carried out by Hill. For Peale it is now contended that the contract dated January 23, 1886, was but supplementary to that of June 22, 1885, but of that no evidence was given. The latter was signed by R. S. Peale & Co. and there is no presumption that Richard S. Peale on June 22, 1885, constituted the firm of R. S. Peale & Co. There is nothing to fill this missing link in the chain of the defense. There is no error and the judgment is affirmed.

*Judgment affirmed.*